DIXON, Judge
(dissenting).
I must respectfully dissent.
This case involves the interpretation of a local option election law (Act 17 of the First Extra Session of 1935). Prohibition statutes are statutes restricting individual liberty and must be strictly construed. The majority opinion adopts an equivocal interpretation, it seems to me, of a statute and the effect to be given its provisions to sustain the action of a police jury in prohibiting the sale of beer in a ward which had voted wet.
An election was held in DeSoto Parish in December, 1934 which resulted in the prohibition of the sale of liquor and beer in the parish. In 1935 the legislature for the first time provided that a ward could have an election to determine the legality of the sale of beer. (Act 17 of First Extra Session of 1935). The police jury of DeSoto Parish held such an election in Ward 5 in July, 1936 and the voters authorized the sale of beer. The police jury promptly adopted ordinances regulating the business approved, under which plaintiff applied for a permit to sell beer in 1968. Because of certain opinions of the Attorney General, no beer license had ever been issued in DeSoto; now the voters of Ward 5 are told that any election held under Act 17 (supra) would not be valid because the parish had voted “dry” before the passage of Act 17. If this opinion stands, Ward 5 will be “dry” until the law is changed. (R.S. 26:581 et seq. now permit only ward and municipal local option elections; the majority opinion will be interpreted to hold that there can be no ward election that permits beer sales if the parish has previously voted dry).
Such an interpretation of Act 17 attributes to the legislature either a subtle design or a lack of foresight, neither of which is deserved.
Before Act 17 of the First Extra Session of 1935 there could be no ward-wide election to govern the sale of beer. A new right was created by the act.' It had not existed before. It seems clear that, if there were no right to have a ward-wide beer election before Act 17, and Act 17 then created for the electorate a right to hold ward-wide beer elections, without stating whether such a right was dependent on the outcome of any preceding parish-wide election, then an election duly held under Act 17 authorizing the sale of beer, and ordinances duly adopted pursuant to the election, must be given effect.
The title to Act 17 provides in the title “for the exercise of local option in the parishes, wards and municipalities * * * to determine whether (beer or liquor) shall be * * * sold * * * in such parishes, wards or municipalities * * *.” Section 1 of the act provides that “if any *899 parish, ward or municipality, at an election * * * determine that the business of * * * selling (beer or liquor) shall not be * * * permitted therein * * *, such business shall not be * * * permitted.” Section 2 defines the beverages covered by the act, separating them into liquors of more than 6% and less than 6% alcoholic content. Section 3 refers to medicinal sales. Section 4 provides that “an election to determine whether or not the aforesaid businesses shall be licensed or permitted in any parish, ward or municipality * * * shall be ordered” upon the petition of a percentage of the .voters. Frequency of elections is regulated. When hard liquor is prohibited in a parish or ward, it is prohibited in towns included in the area; if beer is prohibited in a parish or ward, the vote in any included town must, according to the act, be separately tabulated, and if the voters in the town “determine that the business voted upon may be conducted in such municipality, such business may be conducted therein * * *.” Section 5 refers to the mann'er of conducting the election. Section 6 provides for penalties. Section 7 is the re-pealer, and concludes with the provision that when, “at an election the majority * * * determine that any of the aforesaid business may be conducted in any parish, ward or municipality,” they will not be governed by local ordinances concerning distances from schools, etc., except for reasonable dry zones.
The statute gives the wards the right to have local option elections. The effect of the elections will be to permit or to prohibit the sale of beer. There is no hint in the act that the right to have a ward election is contingent on any preceding parish election. Section 7 (the repealing clause) provides that the act does not invalidate prior elections, and no one contends that the prior parish-wide election was invalidated; Section 7 provides that the act does not invalidate any ordinance adopted as a result of an election, and no one contends that it did. The police jury, itself, as a result of the election under the act, adopted the ordinance permitting the sale of beer. If the legislature had intended the result reached by the majority opinion, it would have been a simple matter to limit the grant (to have local option elections) to wards where there had been no previous parish-wide elections. Instead, there is no distinction in the act between dry wards and wet wards.
I respectfully submit that the judgment of the district court should be reversed.
Rehearing denied.
DIXON, J., dissents from the refusal to grant a rehearing.